

**SIGNED this 10th day of October, 2019**

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re<br><br>    LAUREN ELAM,<br><br>                      Debtor. | No. 19-50557 MPP<br>Chapter 7 |
| CREDIT BUREAU SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>LAUREN ELAM,<br><br>    Defendant. | Adv. Pro. No. 19-5008 MPP |

**M E M O R A N D U M**

Appearances:

    Erika R. Barnes, Esq.                      Dean Greer, Esq.
    401 Commerce Street, Ste. 800       Post Office Box 3708
    Nashville, Tennessee 37219             Kingsport, Tennessee 37663
    *Attorney for Plaintiff*                          *Attorney for Defendant*

**Marcia Phillips Parsons, Chief United States Bankruptcy Judge**.  In this adversary proceeding, Credit Bureau Systems, Inc. ("CBS") seeks a denial of discharge and a determination that the claims it is pursuing in state court against debtor Lauren Elam, a former employee, are nondischargeable.  The debtor in a counterclomplaint asserts her own claims for damages against CBS.  In the motion before the court, CBS contends that the debtor's counterclaim must be dismissed because it fails to state claims for relief and there are procedural bars to their pursuit.  As discussed below, the court agrees with the former and will dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6).

I.

According to the complaint, CBS is a healthcare revenue cycle management company based in Paducah, Kentucky and doing business nationwide with more than 400 employees.  In November 2018, CBS filed suit in a Kentucky state court against a group of its management level employees, including the debtor, alleging that for a period of months they "had set up a competing business, misused and misappropriated CBS business information, poached CBS's operations workforce, solicited CBS clients, sabotaged CBS business proposals, engaged in bid-rigging and collusion with a competitor, and actively worked against CBS from within the organization all while intricately concealing the activity from CBS upper management."  The sued employees, with the exception of the debtor, subsequently entered into a consent judgment and injunction with CBS.  On March 19, 2019, the debtor filed a chapter 7 bankruptcy petition in this court, three days before a hearing on CBS's motion for a temporary injunction against the debtor.  Thereafter, upon the request of CBS, the court entered an order in the underlying bankruptcy case on April 2, 2019, modifying the automatic stay to allow "CBS to seek injunctive relief and non-monetary relief against Debtor and enforcement of orders entered by the state court."

In the complaint commencing this adversary proceeding filed on June 24, 2019, CBS contends that its state court claims against the debtor are nondischargeable under 11 U.S.C. § 523(a)(4) and (6) respectively because the debtor violated her fiduciary duties and willfully and maliciously injured CBS.  CBS asserts that the debtor should be denied a discharge under 11 U.S.C. § 727(a)(3) because she destroyed and failed to keep or preserve recorded information

2

regarding her business transactions. Specifically, CBS avers that at least fourteen USB drives connected to CBS's systems are missing and unaccounted for, that the debtor failed to preserve text messages on her phone, and that the debtor failed to timely surrender her phone as ordered by the state court. CBS also asserts that the debtor should be denied a discharge under 11 U.S.C. § 727(a)(4)(A) because she falsely swore in her bankruptcy case that she was not soliciting CBS clients or disclosing CBS confidential information. The debtor denies these allegations in her answer and asserts a countercomplaint consisting of three claims for which she seeks damages: one, that CBS "paid wages and compensation . . . in violation of the Kentucky Equal Pay Law, *KY Stat. § 337.420 et seq.*"; two, that CBS "committed the common law tort of malicious prosecution" by instituting and continuing both the Kentucky state court and this adversary proceeding; and, three, that CBS "breached to [sic] covenants of the party's employment agreement by bringing the state court action and this proceeding alleging she has breached the employment agreement."

CBS's motion to dismiss the countercomplaint is premised on a number of procedural and substantive grounds. First, CBS contends that the debtor lacks standing to pursue these counterclaims because they became property of the estate pursuant to 11 U.S.C. § 541 and the chapter 7 trustee has exclusive standing to pursue such causes of action. Next, CBS maintains that the debtor waived the counterclaims by failing to assert them in the state court action. Additionally, CBS asserts that the debtor has not set forth enough factual allegations to demonstrate she is entitled to relief and sufficient to survive a Rule 12(b)(6) motion. And lastly, as to the malicious prosecution claim, CBS points out that neither the state court action nor this adversary proceeding has been terminated in the debtor's favor, which is a required element of a malicious prosecution claim.

The debtor posits in response that the chapter 7 trustee has now abandoned all estate assets such that the debtor now may maintain all claims; that there has been no procedural waiver of her claims; and that while the countercomplaint is admittedly lean on facts since discovery has not yet taken place, the countercomplaint is still sufficient to state claims for relief. Finally, the debtor concedes that the tort of malicious prosecution is not ripe for adjudication and requests that any dismissal be without prejudice.

II.

The procedural hurdles of standing and waiver raised by CBS are readily rejected. First, as to standing, CBS is correct that the right to pursue causes of action belonging to the debtor vested in the chapter 7 trustee for the benefit of the estate upon the debtor's filing of her bankruptcy petition. *See*, e.g., *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). However, on August 16, 2019, the chapter 7 trustee under 11 U.S.C. § 554 abandoned all scheduled property of the estate as burdensome or of inconsequential value, which included the debtor's claims against CBS set forth on her amended Schedule A/B. Upon that abandonment, the debtor regained standing to bring her prepetition claims. *See, e.g.*, *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016).

Turning to the waiver argument, CBS maintains that the debtor's counterclaims are compulsory counterclaims that she was required under Kentucky law to include in her answer within twenty days after being served with the summons or within ten days after the denial of any motion to dismiss. *See* Ky. R. Civ. P. 12.01 and 13.01. According to CBS, the debtor never filed an answer or counterclaim in the Kentucky action, and the time period for doing so has expired such that she is now precluded from asserting the counterclaims. In response, the debtor submitted a Notice which appears to have been filed by CBS in the Kentucky action. The Notice recites that pursuant to the agreement of counsel the parties will tender a proposed agreed order providing that all responsive pleadings, including the answer of the debtor, will be stayed until further order. Although this Notice was neither authenticated under Fed. R. Evid. 901(a) nor submitted in a manner to permit self-authentication under Fed. R. Evid. 902(1), (2) or (4), and there is no indication as to whether any such agreed order was ever entered, CBS has not challenged the assertion that it agreed through counsel to stay the answer deadline in the state court action. Under Kentucky law, it appears the state court has the discretion even now to integrate the parties' agreement to extend time into an order for the filing by the debtor of an answer and countercomplaint. *See Moffitt v. Asher*, 302 S.W.2d 102, 103 (Ky. Ct. App. 1957). Regardless, and expressing no opinion on whether the claims are compulsory or permissive, the court finds no merit in CBS's standing and waiver arguments.

4

This victory by the debtor is short-lived, however. Her counterclaims do not state claims upon which relief can be granted and therefore must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings through Fed. R. Bank. P. 7012(b).

> [Under this rule] [a]n action may be dismissed if the complaint fails to state a claim upon which relief can be granted. The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. The court need not, however, accept unwarranted factual inferences. To survive a motion to dismiss, the complaint must present enough facts to state a claim to relief that is plausible on its face.

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "A pleading that offers . . . 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### III.

The Debtor's wage discrimination claim consists entirely of a single sentence: "Lauren Elam, Counter-Plaintiff, alleges that CBS, the Counter-Defendant, has paid wages and compensation to Counter-Plaintiff in violation of Kentucky Equal Pay Law, *KY Stat. Sec. 337.420 et seq.*" That's it. No fact is pled as to when, where, why, or how CBS discriminated in its payment of wages and compensation to the debtor. At a minimum, a prima facie case for wage discrimination under Kentucky law includes factual allegations that the employer (1) paid different

5

wages to employees of different sexes; (2) for equal work performed in positions that require equal skill, effort and responsibility; and (3) for work performed under similar working conditions.  *See Perry v. AutoZoners, LLC*, 954 F. Supp.2d 599, 607 (W.D. Ky. 2013).   The United States Supreme Court's proscriptive "naked assertion devoid of further factual enforcement" aptly fits what the debtor has pled.   While the debtor in her response acknowledges that her claim "does not contain many factual allegations," she argues that it nonetheless states a legitimate cause of action because she is "making the allegation based on statutory language" of Ky. Rev. Stat. Ann. § 337.423, which she quotes.  According to the debtor, "[b]y making the allegation based on statutory language," she "has alleged that she reasonably believes that she has a cause of action that she was paid less than any employee of the opposite sex for comparable work on jobs which have comparable requirements relating to skill, effort and responsibility."   Unfortunately for the debtor, her reasonable belief that she has a claim is irrelevant.   The debtor must set forth sufficient facts to state a claim for relief that is plausible on its face.   Because she has not done so, her counterclaim cannot survive CBS's motion to dismiss.

Presumably in recognition of her counterclaim's insufficiency, the debtor argues that the motion to dismiss the wage discrimination claim is premature because she has been unable to obtain discovery from CBS in the state court action and "the only source of solid evidence of her claim is in the possession of Plaintiff."   According to her answer, the debtor's employment with CBS ended when she resigned on October 22, 2018.   The court finds it difficult to believe that almost a year later the debtor has not garnered a single fact from other employees or CBS that would support her wage discrimination claim.   In any event, "[b]y its very nature, the plausibility standard is time sensitive.   Refined to bare essence, it is a screening mechanism designed to weed out cases that do not warrant either discovery or trial."  *Rios-Campbell v. U.S. Depart. of Commerce*, 927 F.3d 21, 24 (1st Cir. 2019) (quotes and citation omitted) (This screening comprises a threshold inquiry meant to take place early in litigation, prior to discovery.).   Accordingly, this claim will be dismissed without prejudice.

As for the malicious prosecution claim, a required element of the tort is not only the malicious institution of a judicial proceeding but also termination of that proceeding "in favor of the person against whom it was brought."   *Martin v. O'Daniel*, 507 S.W.3d 1 (Ky. 2016); *see also*

6

*Himmelfarb v. Allain*, 380 S.W.3d 35, 38 (Tenn. 2012) (same). Neither the Kentucky action nor this adversary proceeding has been terminated in the debtor's favor. Debtor concedes these points in her response and acknowledges that the tort is not ripe for adjudication. Accordingly, this claim will also be dismissed without prejudice.

The debtor's last counterclaim is one long sentence. "Counter-Defendant has breached to [sic] covenants of the party's employment agreement by bringing the state court action and this proceeding alleging she had breached the employment agreement; and Counter-Defendant having failed to make a case, Counter-Plaintiff is entitled to contractual damages, including but not limited to attorney's fees, out of pocket expenses, possible lost earnings and litigation costs." Once again, no facts are provided to support this conclusory statement. And the debtor makes no effort to defend its shortcomings in her responsive brief or otherwise address why the allegations sufficiently state a claim upon which relief can be granted. Because the counterclaim is devoid of any facts from which the court can draw the reasonable inference that CBS breached an agreement with the debtor, it lacks facial plausibility and will be dismissed without prejudice.

### IV.

The court is compelled to make one final observation concerning the court's constitutional authority to enter a final judgment on the debtor's counterclaims. As the Supreme Court explained in *Stern v. Marshall*, "[t]he manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved." 564 U.S. 462, 473 (2011). By statute, bankruptcy judges may hear and enter final judgments in all core proceedings arising under or in a case until title 11. *See* 28 U.S.C. § 157(b)(1). However, bankruptcy courts have "more limited authority in non-core proceedings: They may 'hear and determine' such proceedings, and 'enter appropriate orders and judgments,' only 'with the consent of all the parties to the proceeding.' 28 U.S.C. § 157(c)(2). Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*. § 157(c)(1)." *Wellness Intern. Network, Ltd. v. Sharif*, ___ U.S. ___, 135 S. Ct. 1932, 1940 (2015). If a claim is determined to be both non-core and non-related, the court will lack subject matter jurisdiction to decide the claim even with the parties' consent. *See A.M.S. Printing Corp.*

7

*v. Wernick* (*In re Wernick*), 242 B.R. 194, 197 (Bankr. S.D. Fla. 1999).

"A bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."  28 U.S.C. § 157(b)(3); *see also Transamerica Auto. Fin. Corp. v. Artibee* (*Matter of Pal Nissan, Inc.*), 126 B.R. 966, 971 (Bankr. W.D. Mich. 1991) ("[I]t is this court's duty to initially determine whether the adversary proceeding is a core proceeding, a noncore related proceeding, or a noncore, nonrelated proceeding.").

> If an action has a direct and substantive impact on the bankruptcy estate or its administration, then it is related to the bankruptcy case and jurisdiction exists.   But if a controversy has only a vague or incidental connection with a pending case and any impact its resolution may have on the bankruptcy case is speculative, indirect or incidental, then the matter is unrelated to the bankruptcy case and the bankruptcy court should not hear it.

*Bibler v. SN Servicing Corp. (In re Bibler)*, 310 B.R. 308, 312 (Bankr. W.D. Mich. 2004) (quoting *Citizens Nat'l Bank of Bowling Green v. Schaberg Lumber Co. (In re Bowling Green Truss, Inc.*, 53 B.R. 391, 394 (Bankr. W.D. Ky. 1985)).

Certainly, the matters joined by the complaint and answer constitute core proceedings under 28 U.S.C. § 157(b)(2)(I) and (J).  Even the parties agree on this as CBS averred in its complaint and the debtor admitted in her answer that CBS's respective claims to determine dischargeability pursuant to 11 U.S.C. § 523(a)(4) and (6) and deny discharge under § 727(a)(3) and (4)(A) are core proceedings.   However, no similar assertion was made in the countercomplaint as to the status of the claims as core or non-core.  While "counterclaims by the estate against persons filing claims against the estate" is listed as a core proceeding at 28 U.S.C. § 157(b)(2)(C), CBS has not filed a claim in the underlying bankruptcy case and the counterclaims are not by the estate, but the debtor.   Consequently, the counterclaims are non-core, and this court has no constitutional authority to enter a final judgment on debtor's counterclaims absent consent. *See, e.g.*, *Stern,* 564 U.S. at 502 ("The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.").

Federal Rules of Bankruptcy Procedure 7008 and 7012(b) provide the procedure for the parties' consent to the bankruptcy court's adjudication of a matter. *See* Fed. R. Bankr. P. 7008 ("In an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court."); Fed. R. Bankr. P. 7012(b) ("A responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge."). The debtor's counterclaims fail to contain the required statement as to whether she consents to entry of final orders or judgment by the bankruptcy court. And CBS having yet to responsively plead to the counterclaims, this court does not know whether CBS consents to this court entering final orders or judgment on the counterclaims. If the counterclaims are also non-related, as some authorities suggest, the court would have to dismiss them as jurisdiction would be lacking. In any event, the court "has the power to enter an order on a motion to dismiss even if the matter is non-core or it has no authority to enter a final order on the merits." *Lightsway Litig. Servs., LLC v. Yung* (*In re Tropicana Entm't, LLC*), 520 B.R. 455, 463 (Bankr. D. Del. 2014). Accordingly, an order will be entered dismissing the countercomplaint without prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

# # #